IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DIRECT MORTGAGE CORPORATION, a Utah Corporation,<br><br>　　　Plaintiff,<br><br><br><br>vs.<br><br><br>KEIRTEC, INC., a Nevada Corporation, doing business as US Mortgage Source, CELSA ARBAIZA, NICK POULLAS, DAVID WALKER, JAMES BROWN, LANDSAFE, INC., and John Does 1-5,<br><br>　　　Defendants. | MEMORANDUM DECISION REMANDING CASE, *NUNC PRO TUNC*<br><br><br><br><br><br>Case No. 2:06-CV-00853 PGC |

　　　On October 5, 2006, defendant Landsafe, Inc., removed this case from Utah's Third District Judicial Court. But in the face of this removal, Landsafe impliedly consented to trying the case in state court. After filing its removal notice, Landsafe stood silently by while parties filed substantive pleadings in the state court and the state court judge issued orders. Because this constitutes consent to the state court's jurisdiction, the court remands this case to the Third Judicial District Court of Utah.

## BACKGROUND

Landsafe filed a timely motion to remove this case on October 5, 2006, claiming that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000.[1]  But after Landsafe filed this notice of removal, the other parties continued to take action in state court.  Two defendants filed answers, two defendants filed motions to dismiss, and one attorney even withdrew from the case.  In addition, the state court itself took action on this case, granting a motion to dismiss one of the defendants.

In the meantime, no parties filed any documents before this court.  It was not until the court's February 12, 2007, Order to Show Cause that any party other than Landsafe filed a document with this court.  And, most important, this court had no awareness of any of the on-going state court proceedings.  Landsafe, the removing party, neglected to inform the court that the parties and the state court judge were continuing to take substantive action in the state court venue.  Without such notice, this court had no way of learning of these state court proceedings.  Only after the court received a copy of the state court docket from March 6, 2007, appended to a response to the court's Order to Show Cause of March 5, 2007, did the court learn of the continuing action before the state court.

## DISCUSSION

The court finds it must remand this case because, by failing to advise the court that action was still being taken in the state court, Landslide impliedly consented to the state court's

---

[1] Notice of Removal ¶¶ 3–10 (Docket No. 2).

jurisdiction. To find otherwise in a circumstance such as this would serve to undermine the removal process.

In *Akin v. Ashland Chemical Co.*,[2] the Tenth Circuit found the plaintiffs had consented to jurisdiction in an inverse, yet analogous, situation. In *Akin*, the plaintiffs had filed a toxic tort claim in state court, and the defendants properly removed the case to federal court.[3] After the federal court upheld the validity of the removal, the plaintiffs voluntarily amended their complaint and asserted a cause of action in federal court.[4] By amending their complaint, the Tenth Circuit found, the plaintiffs lost the right to contest removal. Instead, the plaintiffs had impliedly consented to federal jurisdiction.[5] According to the Tenth Circuit, parties "cannot voluntarily invoke, then disavow, federal jurisdiction."[6] The Tenth Circuit cited the problems that arise when parties simultaneously try to reap benefits from both state and federal jurisdiction, rather than wholly committing to one:

> [O]nce [plaintiff] decided to take advantage of his involuntary presence in federal court to add a federal claim to his complaint he was bound to remain there. Otherwise he would be in a position where if he won his case on [the] merits in federal court he could claim to have raised the federal question in his amended complaint voluntarily, and if he lost he could claim to have raised it involuntarily and

---

[2] 156 F.3d 1030 (10th Cir. 1998).

[3] *Id.* at 1033.

[4] *Id.* at 1036.

[5] *Id.*

[6] *Id.*

to be entitled to start over in state court. He "cannot be permitted to invoke the jurisdiction of the federal court, and then disclaim it when he loses."[7]

While the posture of the case at hand varies from *Akin*, the underlying principles are the same. Landsafe, as the removing party, had the burden to establish this court's jurisdiction.[8] But after Landsafe removed to this court, it continued to take advantage of the actions in state court. Landsafe, unlike this court, received notice when two defendants filed answers after the notice of removal had been filed in state court. Landsafe received notice when two defendants filed motions to dismiss. Landsafe received notice when the state court judge granted a motion to dismiss. But rather than questioning the state court's continuing jurisdiction or notifying this court that the state court action continued to proceed as if the case had never been removed, Landsafe stood silent. By doing so, Landsafe effectively consented to the state court's jurisdiction.

A finding to the contrary would allow Landsafe, just like the plaintiffs in *Akin*, to potentially reap simultaneous benefits from both state and federal court. By failing to advise this court that action was continuing at the state court level after the removal, Landsafe has essentially tried to "play both sides of the fence." Landsafe was able to sit by and observe the state court proceedings, gain insight into the plaintiff's and co-defendants' claims, and watch the other parties utilize their resources. Moreover, Landsafe stood silent while a state court expended time handling at least one motion. Thus, in this case, as in *Akin*, Landsafe cannot have

---

[7] *Id.* (quoting *Bernstein v. Lind-Waldock & Co.*, 738 F.2d 179, 185–86 (7th Cir. 1984)).

[8] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

it both ways. If the state court had made rulings unfavorable to Landsafe, Landsafe certainly would have objected. Landsafe cannot quietly and idly let the state court action proceed, while waiting to see if a ruling of the state court will affect it favorably.

To hold otherwise would be to undermine principles underlying the removal doctrine. The procedural devices of removal and remand are designed to ensure only one court exercises jurisdiction over a case at any given time. This ultimately prevents inconsistent rulings and duplicitous work, and it preserves judicial and party resources. If this court were to exercise jurisdiction in this case, it might invalidate the substantive actions the state court judge took in this case after Landsafe filed a notice of removal, thereby requiring duplicitous work from the parties. The state court's dismissal of one defendant might have to be reconsidered. In short, to allow the case to proceed here would constitute a waste of judicial resources, undermine the finality of state court rulings, and possibly lead to inconsistent decisions.

On another note, the court observes that Landslide improperly removed this case to begin with. This bears pointing out, even though the other parties failed to challenge the procedural defect to removal within the thirty day time limit for mounting such a challenge.[9] With few exceptions (none of which seem to apply here) all defendants must join in or consent to a removal petition.[10] In its removal notice, Landsafe does not even allege any other defendants joined in or acquiesced to the removal of this case. And the state court records establish that not

---

[9] *See* 28 U.S.C. § 1447(c).

[10] *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981); *see also Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986).

all defendants acquiesced to the removal. For instance, although Landsafe served process on Celsa Arbaiza almost a full month prior to removing the case, Ms. Arbaiza filed an answer in state court. If she had genuinely consented to the removal of the case, she would have filed her answer with this court. Similarly, the other defendants' filing of substantive pleadings in state court shows their lack of consent to removal.

Ultimately, because Landsafe implicitly consented to the jurisdiction of the state court in this matter, the court finds it necessary to remand this case. To avoid invalidating the actions the parties and the state court took in the case after the removal, this is a remand *nunc pro tunc* — retroactive to October 5, 2006, the date Landsafe filed its notice of removal.

## CONCLUSION

For the foregoing reasons, the court REMANDS this case to the Third Judicial District of Utah and orders the Clerk's Office to close this case.

DATED this 22nd day of March, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge