IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DIRECT MORTGAGE CORPORATION, a Utah corporation,<br><br>　　Plaintiff,<br><br>vs.<br><br>KEIRTEC, INC., a Nevada corporation d/b/a US Mortgage Source, CELSA ARBAIZA, NICK POULLAS, DAVID WALKER, JAMES BROWN, LANDSAFE, INC., and John Does 1–5,<br><br>　　Defendants. | ORDER GRANTING MOTION TO DISMISS<br><br><br><br><br>Case No. 2:06-cv-00853 |

　　On May 9, 2007, in accordance with its previous representations to this court, the plaintiff, Direct Mortgage Corporation, filed a motion to dismiss this case pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  In its supporting memorandum, Direct Mortgage explains that three defendants (Keirtec, Inc., Celsa Arbaiza, and Nick Poullas) have worked to minimize the damage Direct Mortgage suffered from a failed mortgage loan.  Because of this, the plaintiff has agreed to dismiss its claims against these defendants without prejudice to the refiling of the claims if certain agreed-upon contingencies are not met over the next several months.  With regard to the remaining defendants, Direct Mortgage also plans to dismiss the charges without prejudice.  Direct Mortgage indicates it plans to re-file its claims against James

Brown and David Walker in their preferred forum — Nevada state court.  But Direct Mortgage is unsure whether it will re-file against Landsafe, Inc., at all, as Landsafe is a "secondary [d]efendant."[1]

Landsafe is the only defendant objecting to Direct Mortgage's motion to dismiss.  In its objection, Landsafe indicates that it is disinterested in starting over in a Nevada forum since it has retained counsel in Utah.  It also argues dismissal will result in wastefulness and inefficient, piecemeal litigation.  Landsafe's only stated preference for a forum is federal court rather than state court.  Because the court finds that Landsafe has not shown it will suffer legal prejudice from the dismissal, the plaintiff's motion to dismiss is granted.

## DISCUSSION

After a defendant files an answer to the plaintiff's complaint, the plaintiff can voluntarily dismiss an action only upon order of the court.[2]  However, "[a]bsent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal."[3]  Relevant, yet non-exclusive factors when assessing "legal prejudice" are: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation."[4]

In this case, the factors weigh in favor of dismissal.  Landsafe's strongest argument against dismissal is that it has "spent a considerable sum" litigating this case in Utah.[5]  But

---

[1] Mem. Supp. Mot. to Dismiss 5 [Docket No. 46].

[2] Fed. R. Civ. P. 41(a)(2).

[3] *Ohlander v. Larson*, 144 F.3d 1531, 1537 (10th Cir. 1997).

[4] *Id.* (citing *Philips U.S.A., Inc. v. Allflex U.S.A., Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)).

[5] Mem. Opp'n Mot. to Dismiss 2 [Docket No. 48].

Landsafe has offered no specific information about its expenditure of resources or money or, specifically, its "effort and expense in preparing for trial."[6] The court, therefore, is unable to assess the significance of its effort and expense in this case.

Next, Landsafe has shown no delay or lack of diligence on the part of Direct Mortgage in filing its motion to dismiss. After resolving the removal issues, the court ordered Direct Mortgage to file any motion to dismiss in a timely fashion, and Direct Mortgage filed its motion less than two weeks later.

Landsafe has also not argued Direct Mortgage's explanation of its need for a dismissal was insufficient, except to allege Direct Mortgage is simply attempting to manipulate jurisdiction. However, the court finds Direct Mortgage's focus to be on honoring the settlement agreement it has reached with three of the defendants and the forum preference of two other defendants. The court cannot see how Direct Mortgage is attempting to manipulate the forum with regard to Landsafe where Direct Mortgage has indicated it may not even re-file its claims against Landsafe, and the remaining defendants have either reached an agreement with Direct Mortgage or indicated a preference for a Nevada state court forum.

In addition, this litigation is at a nascent stage. The only contested motions the court has addressed centered on the removal of the case and the motion to dismiss at issue here. The court has never addressed the merits of the case.

Finally, the court does not see how this dismissal will result in inefficient, piecemeal litigation. Landsafe appears to base this argument on the possibility that Direct Mortgage may re-file its claims against Landsafe at some point in the future. Landsafe indicates such action "would undoubtedly necessitate additional discovery, trial postponement, and other

---

[6] *Ohlander*, 144 F.3d at 1537 (citing *Philips U.S.A., Inc. v. Allflex U.S.A., Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)).

inefficiencies."[7]  But this statement points to only the worst-case scenario without clarifying how such a scenario is a necessary result.  In other words, it is a conclusory statement that fails to help Direct Mortgage's argument.  Moreover, there appears to be a very real possibility Direct Mortgage will not re-file against Landsafe at all, which would negate Landsafe's only inefficiency argument as well as any prejudice to Landsafe.  In other words, Landsafe's arguments against dismissal are unpersuasive.

## CONCLUSION

The court GRANTS the plaintiff's motion to dismiss all claims without prejudice.  Accordingly, the court clerk is directed to close to the case.

DATED this 31st day of May, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge

---

[7] Mem. Opp'n Mot. to Dismiss 5.